IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NINA RIDGE, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| FOX TELEVISION STATIONS, INC., § | | |
| FOX TELEVISION STATIONS LLC, AND § | | |
| KRIV § | | |
| Defendant. § | JURY DEMANDED | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, Nina Ridge, and files this Original Complaint, complaining of Defendants, Fox Television Stations, Inc., Fox Television Stations, LLC, and KRIV (collectively "Defendants"), and for her cause of action, shows the Court as follows:

**I.
INTRODUCTION**

1. This action seeks equitable relief, actual economic damages, punitive damages, compensatory damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for Defendants' race discrimination, in violation of Title VII of the 1964 Civil Rights Act, as amended 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, as codified in the Texas Labor Code §21.001 et seq.,

2. Plaintiff demands a jury on all issues triable to a jury.

**II.
PARTIES**

3. Plaintiff, Nina Ridge, is a former employee of Defendants.

4. Defendant Fox Television Stations, Inc. is a Delaware Corporation authorized to do business in Texas. This Defendant may be served with process through its registered agent for service of process, CT Corp. System, 350 N. St. Paul Street, Suite 900, Dallas, Texas 75201.

5. Defendant, FOX Television Stations LLC is a foreign limited liability company duly authorized to conduct business in the State of Texas. This Defendant may be served with process through its registered agent for service of process, CT Corp. System, 350 N. St. Paul Street, Suite 900, Dallas, Texas 75201.

6. Defendant KRIV is a Delaware Corporation authorized to do business in Texas. This Defendant may be served with process through its registered agent for service of process, CT Corp. System, 350 N. St. Paul Street, Suite 900, Dallas, Texas 75201.

7. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

8. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3) and (4) and 1367(a).

9. The Court has personal jurisdiction over Defendants since they regularly conduct business in the State of Texas, and therefore has minimum contacts with the State of Texas.

10. Alternatively, the Court has personal jurisdiction over Defendants since the acts giving rise to this suit occurred within the State of Texas.

11. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

12. All conditions precedent to filing this lawsuit have been met.

## IV.
## PROCEDURAL REQUISITES

13. On September 29, 2015, Plaintiff filed an Amended charge of race and disability discrimination against Defendants under Charge Number 460-2015-03965 with the Equal Employment Opportunity Commission ("EEOC").

14. On September 23, 2016, the EEOC issued Plaintiff her Notice of Right to Sue letter on her Charge.

15. This suit has been filed within 90 days of Plaintiff's receipt of her Notice of Right to Sue letter.

16. Plaintiff has met all conditions precedent to the filing of this suit.

## V.
## FACTS

17. Nina Ridge is a Caucasian female.

18. Ms. Ridge began her employment with Defendants in February 2014.

19. Soon after Ridge began working for Defendants, Ridge noticed that she was not treated the same as non-Caucasian employees.

20. For example, Ridge's direct supervisor, Crystal Solomon, Assignment Manager, gave Ridge assignments that were substantively different and less desirable than the assignments given to non-Caucasian employees.

21. As another example, on April 4, 2014, Ridge was given less than 12 hours' notice of a schedule shift that had Ridge switch to the overnight shift beginning at 2:30 a.m., from her regular 10:00 a.m. shift.

22. Ridge was also single-out, targeted, and treated differently than her non-Caucasian coworkers in regards to the tardiness policy. Brittany Rodgers and Crystal Solomon (both Black, African-American) arrived late for their assigned start time multiple times beginning in April of 2014.

23. Brittany Rodgers was Ridge's peer and was also an Assignment Editor.

24. Brittany Rodgers and Crystal Solomon would also leave the office earlier than their assigned end time, and they did not have to explain why they left early. However, Ridge was required to call one of her superiors if she was going to be late for her assigned start time.

25. Brittany Rodgers was not reprimanded in the same manner as Ridge was, nor did she have to explain why she was not doing her job as assigned.

26. Further, Rogers was paid more than Ridge.

27. However, on July 30, 2014, Ridge received a written Performance Warning that contained allegations that were patently false and were a clear example of Defendants' discrimination against Ridge.

28. Ridge complained about the warning and her treatment.

29. In August 2014, Ridge reached out to Iesha Mason in Human Resources and complained that Solomon was treating her differently because of her race.

30. Thereafter, Solomon increased her attacks against Ridge and began writing her up for minor infractions in which the African-American employees did not receive write-ups for the same minor infractions.

31. Solomon also disproportionately increased Ridge's work load and gave her extra assignments that should have been evenly assigned among all the Assignment Editors.

32. On November 3, 2014, Ridge was wrongfully terminated by Defendants because of her race and in retaliation for complaining about racial discrimination.

33. After her termination, Ridge was replaced by an African-American employee.

34. Direct and circumstantial evidence demonstrates that Ms. Ridge was terminated based on her race and in retaliation for her complaints about discrimination.

## VI.
## CAUSE OF ACTION—RACE DISCRIMINATION

35. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

36. As described above, direct and circumstantial evidence exists showing that Defendant intentionally discriminated against Plaintiff and terminated her employment because of her race, in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981 and the Texas Labor Code.

37. As a result of Defendants' actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

38. Additionally, the aforementioned action was done willfully or with reckless disregard for the federally protected rights of the Plaintiff, entitling Plaintiff to punitive damages.

## VII.
## CAUSE OF ACTION - RETALIATION
## IN VIOLATION OF TITLE VII AND THE TEXAS LABOR CODE

39. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully rewritten herein.

40. During her employment, Plaintiff opposed Defendants' racial discrimination to which she was subjected.

41. As described above, after Plaintiff complained to Defendants about the unlawful racial discrimination to which she was being subjected, Defendants retaliated against her, and terminated her employment, in violation of Title VII, 42 U.S.C. § 2000e, et seq., and the Texas Labor Code.

42. As a result of Defendants' actions, Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain and mental anguish in the past, and in the probability will continue to suffer in the future.

43. Additionally, the aforementioned actions were done with malice or with reckless disregard for the federally protected rights of the Plaintiff, and an award of punitive damages is therefore appropriate.

## VIII.
## DAMAGES

44. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

45. Plaintiff seeks to be made whole and, as a result, requests all appropriate damages from Defendants allowed under the law.

46. Plaintiff has lost compensation and benefits, for which she seeks as back pay, including wages, commissions, bonuses, benefits and any other compensation.

47. In addition, Plaintiff demands reinstatement, or front pay in lieu of reinstatement, including but not limited to any and all future lost wages, commissions, bonuses, benefits and any other compensation.

48. Plaintiff demands attorney's fees, expert witness fees, pre-judgment and post-judgment interest, costs of court and any other damages allowed.

## VIII.
## JURY DEMAND

49. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## IX.
## RELIEF REQUESTED

50. Plaintiff respectfully requests that she be granted judgment for the following relief:

   a. For actual damages, including appropriate backpay, commissions, bonuses and any other compensation, and reimbursement for lost pension, insurance, and all other benefits;

   b. For reinstatement, or front pay in lieu of reinstatement;

   c. For liquidated, compensatory and punitive damages as allowed by law;

   d. For attorneys' fees;

   e. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

   f. For pre-judgment and post-judgment interest as allowed by law;

   g. For costs of court, costs of prosecuting Plaintiff's claim; and

   h. For such other and further relief to which Plaintiff may be entitled under the relevant statutes or be justly entitled.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that after trial by jury she be awarded the relief requested above, and all such other further relief, whether at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

Ahmad and Capodice PLLC

/s/ Nasim Ahmad
Nasim Ahmad
State Bar No. 24014186
nahmad@cline-ahmad.com
Dwain Capodice
State Bar No. 24031915
Ahmad and Capodice PLLC
24900 Pitkin, Suite 300
The Woodlands, Texas 77386
Telephone: (832) 767-3207
Facsimile: (281) 864-4379

ATTORNEY FOR PLAINTIFF
NINA RIDGE